RECEIVED
NOV - 6 2023
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

| | |
|---|---|
| **JUSTIN MCPHAIL** | **PLAINTIFF** |
| V. | NO. 3:23-cv-00385-MPM-RP |
| **PERCY L. LYNCHARD** | **DEFENDANT** |

## Motion for Jurisdictionally Mandated Recusal

COMES NOW Justin McPhail, Movant herein, and seeks protection under 28 U. S. C. 455 and under due process mandates for Movant's right to vindicate Movant's federally protected rights before a neutral and impartial federal Article III judicial decision-maker who is sufficiently free from the appearance of bias to provide constitutionally adequate litigation of Movant's challenge to the state's ultra vires regulation of fundamental rights.

The parental rights at issue are intimate and expressive, close family, parent-child speech, association, worship, family privacy, care, custody, possession, and child-rearing decision-making. The child holds concomitant rights that are also being impermissibly infringed and Movant, as fit father, asserts constitutional protections for his child through this action as well as his own because the rights of father and son are intimately bound up with one another and state infringement of one necessarily infringes the rights of the other.

The state claims "broad discretion" to violate fundamental rights and to issue viewpoint-based prior restraints and Movant asserts that there exists NO set of circumstances that permit the state to violate fundamental rights or issue prior restraints through an exercise of "broad" authority.

The state claims that its violations are justified by the state's goal of acting in the best interests of the child which the Supreme Court has held to be merely a "substantial" state goal which is insufficient to justify violation of rights protected by the compelling state interest standard.

Further, there exists NO set of circumstances under which the state may violate the Child's constitutional guarantees that does not irreparably injure the child in a manner that can NOT be rationally related to acting in the Child's best interests.

The state asserts that the parents' choice to divorce one another is the constitutional threshold event that triggers the state's authority. Movant asserts that choices regarding intimate and expressive, close family, marital speech and association are constitutionally protected and can NOT provide the necessary trigger because such exercises of fundamental rights may not be punished by the state.

The state asserts that the state is NOT required to provide any deprivation hearing where Movant or Child may challenge the state's authority to violate their fundamental rights and that this authority is triggered by the mere filing of a divorce petition or a petition for child custody between fit parents where the mere filing of the petition is sufficient justification to de facto terminate all parent-child rights and subject them to the mere viewpoint of a sole state official.

The state asserts that it can delegate to a state court judge sole political policy vindication and enforcement authority while that sole state judge is the only judge holding state jurisdiction to litigate any challenges to the state's political policy interests, administration, regulation, or enforcement and establish a legal process whereby that sole state official exercises political authority to vindicate the state's policy interests and

then exercises judicial authority to declare the policy vindication actions to be lawful and constitutionally compliant. In this manner Movant and Child are deprived of access to state courts for the purpose of vindicating their federally protected rights before a neutral and impartial judicial decision-maker who is independent of any conflicting political interests in the issues being litigated.

In support thereof, Movant would show the following:

### Argument

This Petition is filed in direct challenge to the state's Civil Law PostDivorce Child Custody Regulatory Scheme under which a sole state court judge is simultaneously granted state authority to vindicate the state's policy interests and to sit in judicial judgement over that policy and the vindication of that policy. The child custody judge unconstitutionally judges himself.

The scheme impermissibly establishes that state court judges sit in judgement of their own regulatory actions taken in direct conflict with federal mandates and the federal rights of the litigants before the court. The scheme mandates that state court judges openly reject their judicial duties imposed by Article VI, US Const. and the Supremacy Clause to which they have sworn a mandatory oath to uphold as a precondition for holding state judicial office.

Were this ultra vires scheme declared to be unconstitutional, almost all of the divorce and child custody regulation currently performed by state court judges would have to shift to the Executive Branch of government as mandated by the Separation of Powers Doctrine. Anyone with basic accounting and budgeting knowledge can look at the percentage of the courts' dockets that consist of divorce and child custody litigation,

where there no longer exists any justiciable conflict, and determine that the state has far more judges than can be justified under the reduced case load.

Should state regulation of intimate and expressive, close family, parent-child speech, association, worship, and family privacy as punishment for the parents exercising their otherwise lawful and constitutionally protected choice to discontinue their own intimate and expressive, close family, marital speech and association be protected at strict scrutiny as constitutionally mandated, judicial review of administrative regulation would replace only a tiny fraction of the caseload that would be eliminated.

Additionally, the state competes for its share of the more than four-billion-dollar annual federal Title IV-D scheme payment to states which acts as a financial incentive for states to continue this ultra vires scheme. Judicial salaries necessary to protect the state's ultra vires scheme and Title IV-D's direct incentive to act ultra vires in the absence of constitutionally adequate constitutional review are directly subsidized by those payments, even if cleaver state budgeting conceals this fact.

Consequently, state court judges at every level of the state judiciary, and federal district court judges who were previously state court judges, have personal and pecuniary interests in maintaining the ultra vires scheme either over concern for their current salaries, including the significant perks of judicial office, or over concern for their professional reputations should their willing and open rejection of the judicial duty be publicly recognized for the crime that it is as articulated by Chief Justice Marshall in Marbury v. Madison.

Twenty-Eight U. S. Code §455 imposes a jurisdictional mandate on any federal district court judge to recuse where their previous participation in a state's Civil Law PostDivorce Child Custody Regulatory Scheme reasonably brings into question their impartiality regarding this constitutional challenge to that scheme and all schemes like it which exist in all 50 states. The Congressional command is jurisdictional in nature and violation of this mandate is a violation of the Federal Code of Judicial Conduct mandating judicial compliance with the law.

No state court judge has jurisdiction to bind the federally protected interests of any litigant based merely upon that judge's viewpoint regarding what is best for a non-party non-litigant child, or regarding which parent he or she believes to be the "best" parent and which he believes to be the "less-than-best" parent, or regarding any otherwise lawful and constitutionally protected parental privacy choice regarding matters of conscience in child-rearing or marital association with the child's other parent.

Any federal district court judge who did so, or looked the other way as others did so, when he or she was a state court judge has a personal interest in ensuring that those actions, taken without jurisdiction, are never exposed to constitutionally adequate constitutional review because that would expose the crimes for what they truly are and bring discredit on that judge.

The Nineteenth Century legal presumptions underlying the state's claim of authority to regulate close family speech and association as a consequence of "choices about marriage" by parents and the state's claim of authority to deprive minor children of fundamental rights as a consequence of those parental marital choices were declared

unconstitutional in the Twentieth Century when the Court abolished the Bastardy Codes.

In the Twenty-First Century the state's assertion of authority to regulate fundamental rights are presumptively unconstitutional and any such regulation remains unconstitutional until such time as the state justifies its authority through case and fact specific testimony following adequate notice and upon submitting to confrontation and cross-examination. Any federal district court judge holding any interest in preventing this legal fact from being fully and equally applied in civil suits between private parties, where the state inserts its regulatory interests by coopting the judicial power to vindicate its policy interests, is a federal district court judge who is mandated to recuse themselves by federal law and the federal Code of Judicial Conduct mandating compliance with that federal law upon pain of sanction and establishing a personal and professional act contrary to "good behavior."

Movant respectfully requests full protection of Movant's right to vindicate Movant's federal rights before a neutral and impartial judicial decision-maker who is free from the appearance of bias created through previous participation in a state regulatory scheme mandating that state court judges act in the interests of a non-party non-litigant child and provide judicial relief in the interests of that non-party non-litigant child against the fundamental rights of the child's fit parents appearing before the court as litigants and against the rights of the child to be free from unwarranted interference in his private family life with each of his fit parents and to be free from viewpoint-based prior restraints on the times, the places, and the manner in which he or she is permitted to speak with, associate with, worship with, and share family privacy

with his fit parents as individuals holding fully vested individually and First Amendment protected fundamental rights as against state judicial action.

Actions of state court judges are unconstitutional where they deprive minor children of fundamental First Amendment protected rights under a claim of providing judicial relief in the interests of that child where that child has NOT established standing to receive judicial relief, has NOT appeared as a party to judicial proceedings, has NOT provided notice, and who has NOT been subjected to confrontation nor cross-examination and where the child has been deprived of access to a competent state court in which to vindicate his or her federal rights as against that ultra vires judicial action.

An action by a state court judge that directly and irreparably injures a minor child by failing to provide all mandated constitutional guarantees for that child's rights can in NO way be rationally related to the state's asserted goal of acting in the child's best interests.

Movant herein and as Plaintiff in federal judicial proceedings seeks federal judicial remedy of this state court imposed irreparable injury of children that was imposed for pecuniary gain and requests assurances that the presiding judge in this case is free from any appearance of bias that might reasonably prevent or delay enjoining the irreparable injury of minor children for money by state court judges.

### Prayer

Movant prays for the immediate and unconditional recusal, under the jurisdictional mandate of 28 U. S. C. 455 and under due process mandate, of any district court judge assigned to this case who previously made a "judicial" determination of the best interests of a child for the purpose of issuing judicial relief in that child's interests

where the court's record fails to demonstrate that the child established standing to receive judicial relief or that the state established standing on the child's behalf and appeared to pursue the state's policy interests regarding the best interests of that child as against the fundamental rights of the litigants before the court, following constitutionally adequate notice provided by the Child or the state or any judge who sat in appellate review of any such action.

Movant prays for immediate and unconditional recusal, under the jurisdictional mandate of 28 U. S. C. 455 and under due process mandate, of any district court judge assigned to this case who previously held any state office whereby he or she established, administered, regulated, or enforced any state policy interests related to the interests at issue herein.

Movant prays for the immediate and unconditional recusal, under the jurisdictional mandate of 28 U. S. C. 455 and under due process mandate, of any district court judge assigned to this case who might reasonably be seen to have an interest in preserving this ultra vires state scheme against the rights of children and of Movant.

Movant prays for recusal of Judge Michael P. Mills because he previously acted as Congressman initiating, supporting and establishing the policy interests being challenged herein and because Judge Michael P. Mills served as a Mississippi Supreme Court Justice for four years where he upheld the state policy interests being challenged herein on multiple occasions apparently without ever asking the most basic standing or due process questions and from those actions creates the appearance of impermissible bias in favor of the challenged state policy interests.

Respectfully Submitted by:

By: /s/Justin McPhail
Justin McPhail
Pro Se Litigant
Grenada County Jail
37 Doak Street
Grenada MS 38901

**FROM:** Justin McPhail
Grenada County Jail
37 Doak Street
Grenada, MS 38901

**TO:** U.S. Federal District Court
Northern District of Mississippi
Attn: Office of the Clerk
U.S. Courthouse Federal Building
911 Jackson Ave. East
Oxford, MS 38655

36555

Date Accepted: 11/4/23
Time Accepted: 1:40 PM
Weight: 2 ozs
Scheduled Delivery Date: 11/4/23
Postage: $28.75
Total Postage & Fees: $28.75

X-RAY

EI 117 569 142 US