JUSTIN McPHAIL, Petitioner,

v.

GRENADA COUNTY SHERIFF, Respondent.



No. 3:23-cv-00385-MPM-RP.

January 8th, 2024.

United States District Court, N.D. Mississippi, Greenville

## URGENT AND NECESSITOUS MOTION AND RULE 201 MOTION ASKING THE COURT TO TAKE JUDICIAL NOTICE THAT THE TERMS OF CIVIL CONFINEMENT HAVE EITHER BEEN MET OR MOOTED

Comes now, Justin McPhail, Movant herein and asks this Court to take Urgent and Necessitous Judicial Notice pursuant to rule 201 FRCP of the following:

1. Movant has requested official notice from the state trial court of the precise reasons that he remains incarcerated and seeks a hearing in the state court to demonstrate that he has met the conditions of release. Movant asks this Court to take judicial notice of the email response from the state court's clerk that was provided rather than precise formal notice and a hearing that due process demands:

From: "pllynchard@bellsouth.net" <pllynchard@bellsouth.net>

Date: December 8, 2023 at 8:08:21 AM CST

To: Linda Stinson <ldstinson@bellsouth.net>

Subject: Re: Hearing Date

Linda: Please advise Justin McPhail that all requests in his motion and response that he has filed will be addressed when the matter is brought on for hearing at the trial on its merits. You may also advise him that he he is being held in custody as he has been advised multiple times for contempt for failure to submit to psychological evaluation as ordered and failure to pay child support as previously ordered and for no other reason. PLL

From: Justin McPhail <justinmcphail@att.net>

Date: December 7, 2023 at 11:06:46 AM CST

To: Linda Stinson <ldstinson@bellsouth.net>, Beau Mcphail <mcphailbeau@gmail.com>

Subject: Fw: Hearing Date

Linda,

The attached counter-petition and motion have been entered since the last hearing in the cause and need to be addressed.

Also, the issue of a potential trial and needs to be addressed. I'm interested in knowing exactly why it is mandatory that I remain incarcerated until the trial is concluded. I'm at a severe disadvantage to the plaintiff and it is difficult to see how the results of a trial conducted under these circumstances could be construed as fundamentally fair.

Please advise>

Thank you, and Merry Christmas!

<JM Final Motion Chall_Jur_to_ Mod_.pdf>

<JM Final_CounterPetition.pdf>

And the previous request by Movant:

Re: Hearing Date
From:Linda Stinson (ldstinson@bellsouth.net)
To:justinmcphail@att.net
Date:Friday, November 3, 2023 at 10:08 AM CDT
When your motion is filed, please send me a copy of it for Judge Lynchard's review. If necessary, we will get you a hearing date at that time.

Linda Stinson
Court Administrator
Third Chancery Court District
P. O. Box 340
Hernando, MS 38632
Telephone (662) 469-8374

On Nov 3, 2023, at 6:12 AM, Justin McPhail <justinmcphail@att.net> wrote:

Linda ...

    This email is to request a hearing date at your earliest possible date. It seems that the issue of a trial and the issue of my release should be separated so that I can be released in order to prepare for trial. I cant envision a scenario where anything would be discovered about me at a child custody trial that would qualify me for further incarceration or to be released. Judge Lynchard is the only person who has yet to comment on my release and I need him to do just that if he will please. There are other issues related to the trial I need to clarify as well. I'm working on a motion and will wait to hear from you.

Thank you Linda.

Justin McPhail


    2.      Movant asks this Court to take judicial notice that a motion requesting release from incarceration was filed with the state trial court by Movant, see, civil docket, cause no.: 22CH1:12-cv-00132-PL, 10/3/23, Motion Challenging Jurisdiction to Modify Custody [252] and that the state trial court is refusing to set a hearing to hear said motion. Rather the state trial court claims that it will delay addressing the requirements of Movant's release from imprisonment for contempt until a final trial is held at some undefined point in the future.

3. This action by the state trial court proves beyond doubt that Movant is NOT being held for any legitimate civil contempt justification. Judge Lynchard is fully aware that the state facility in which Movant is being held provides zero legal resources that would permit him to be prepared to defend himself in a final trial and because of this judge Lynchard's insistence on keeping Movant incarcerated until such trial can be held is prima facia evidence of judge Lynchard's intent to deprive Movant of civil rights in said final trial.

4. What remains to be seen is judge Lynchard's motivations for this criminal violation of Movant's civil rights and whether judge Lynchard is actively conspiring with others to violate federal law.

5. Movant asks this Court to take judicial notice that the state trial court judge fails to provide any specific amount of child support that remains unpaid. Movant has made every effort to pay all child support and believes he is in full compliance. However, being incarcerated, he is prohibited from gathering and demonstrating proof thereof beyond what is attached and referenced herein.

6. Movant asks this Court to take judicial notice that the state trial court judge continues to assert that Movant is being held in contempt "for failure to submit to psychological evaluation as ordered."

7. Movant asks this Court to take judicial notice that this Court has previously held the state court's order for psychological evaluation to be moot, see 4:18-cv-00116-DMB-RP, March 27, 2020 Order of this Court. The order reads in relevant part:

"McPhail's claims stemming from the Grenada County Chancery Court's April 4, 2018, order finding him in contempt for his failure to submit to a hair follicle drug test and to a psychological evaluation have been rendered moot by subsequent rulings and proceedings in that court. With respect to the drug test, the Chancery Court's June 20, 2018, order held that "extensive time [ ] has passed which may taint the hair follicle test for drugs" and that this issue had become moot. Doc. #10-1 at PageID #595. Thus, the Chancery Court ordered that McPhail "may be released from custody upon the fulfillment of the child support obligation and award of attorney fees previously awarded." See id. (bold in original). In other words, McPhail is no longer being held in custody for failure to submit to a hair follicle drug test."

8. By this Court's own holdings, the only issue Movant is being held for is child support and attorneys fees. However, the state trial court judge's response to Movant demonstrates that the state trial court judge is in contempt of this Court's orders.

9. Movant asks this Court to issue a show cause order to show cause why judge Lynchard should NOT be held in contempt of this Court's order.

10. Movant asks this Court to take judicial notice of the pleadings before the state trial court and the state trial court's inadequate response that violates Movants due process rights regarding Movant's release from civil contempt.

11. Movant asserts that he has fully paid the child support and attorneys fees for which he remains incarcerated, and judge Lynchard is refusing to provide a hearing wherein Movant may use his key to gain his release from civil confinement. Where judge Lynchard refuses to provide the required hearing, judge Lynchard stands in criminal violation of Movant's civil rights under 18 U. S. C. §242 and should this Court fail to

hold judge Lynchard to adequate civil rights standards, Movant will file charges against judge Lynchard with the US Attorney.

12. Movant seeks to be absolutely clear with this Court that Movant is asserting that judge Lynchard is actively engaged in federal criminal activities against Movant and Movant is seeking habeas corpus relief from this court to protect him from judge Lynchard's unbridled discretion and criminal actions against him.

13. Movant further asks this Court for immediate injunctive relief compelling the state trial court to demonstrate narrow, specific, and written proof that it has proper justification to keep Movant incarcerated under civil contempt for child support and attorney's fees that Movant asserts he has paid and for psychological evaluations this Court has held to be moot.

### Prayer

JUSTIN MCPHAIL PRAYS for immediate injunctive relief releasing him from civil confinement.

JUSTIN MCPHAIL PRAYS that this Court take judicial notice of the facts asserted herein.

JUSTIN MCPHAIL PRAYS that this Court enjoin the state trial court from holding Movant in civil confinement for failure to comply with a psychological examination order that this Court has held to be moot.

JUSTIN MCPHAIL PRAYS that this Court provide him with specific written notice of what precise actions he must take to be released from civil confinement or in the alternative to make a formal declaration that Movant is intitled by right under federal

law to know with precision, from judge Lynchard, the precise actions he must take to be released from civil confinement and to be provided an immediate hearing wherein he be permitted to be heard on his assertions of compliance.

Respectfully submitted:

By: /s/Justin McPhail

Justin McPhail
Pro Se Litigant
Grenada County Jail
37 Doak Street
Grenada MS 38901



FROM: Justin McPhail
37 Doak St, Grenada, MS
Grenada County Jail
38901

TO: Chancery Clerk
101 Jackson Ave East
Oxford, MS 38655

38655