**JUSTIN McPHAIL, Petitioner,**

v.

**GRENADA COUNTY SHERIFF, Respondent.**

No. 3:23-cv-00385-MPM-RP.

January 8th, 2024.

**United States District Court, N.D. Mississippi, Greenville**

## URGENT AND NECESSITOUS MOTION

Comes now, Justin McPhail, Movant herein and seeks immediate injunctive relief releasing him from unlawful imprisonment under Local Rule 7. (b)(8):

Urgent or Necessitous Matters. When the motion relates to an urgent or necessitous matter, counsel for the movant must contact the courtroom deputy, or other staff member designated by the judge, and arrange a definite time and place for the motion to be heard. In such cases, counsel for movant must file a written notice to all other parties of the time and place fixed by the court for the hearing and must serve all documents upon other parties. A motion filed under this rule must be styled as an "URGENT AND NECESSITOUS MOTION." Upon receipt of the motion, the court in its discretion may direct counsel to submit memorandum briefs for the court's consideration.

1. Movant is unrepresented by counsel, lacks access to a law library, lacks access to basic legal information necessary to fully comply with this rule and requests that this Court either appoint proper counsel or issue an immediate injunction ordering the facility in which Movant is being imprisoned to provide constitutionally mandated legal resources or immediately release Movant.

2. Movant is reliant upon third parties who are NOT licensed attorneys to aid him as best they can, but Movant is being unconstitutionally deprived of his ability to defend himself and the fact that an unlicensed person may help Movant file certain limited and inadequate pleadings before the Court does NOT and can NOT meet constitutional minimum standards that this Court has sworn to uphold.

3. It is a simple constitutional matter that the state of Mississippi either pays to provide full and immediate mandated legal resources or the state of Mississippi should pay for counsel. The Constitution mandates competent access to the courts, period.

4. Movant seeks an URGENT AND NECESSITOUS injunctive relief ordering the state of Mississippi to provide constitutionally mandated legal resources, pay for competent counsel, or immediately release Movant.

5. You do realize that NOT a single individual in the facility where Movant is being held has access to the legal resources that the constitution mandates. Movant asserts that every single inmate is fully entitled to the exact same injunctive relief and if this Court cared anything at all for constitutional mandates, it would issue the blanket injunctive relief.

6. Being unjustly imprisoned is undeniably an irreparable injury to which Movant is entitled to immediate injunctive relief.

7. Movant was imprisoned for objecting to compelled speech and for objecting to a seizure of property applied both to compel speech and to censor speech as a direct consequence for the exercise of a First Amendment protected choice about marriage that the state of Mississippi disfavored.

8. Preemptive federal public policy is served by protecting First Amendment rights from compulsion, censorship, and penalty.

9. Where the state trial court acts without jurisdiction NO legitimate judicial interest is served by the contempt orders. Challenges to jurisdiction can be raised at any time and Movant raises the subject matter jurisdiction challenge here.

10. Where the proceedings were intended to pursue the state's best interest policy and depriving the child of a fit father for 6 years defeats that asserted state interest.

11. The child subject to the child custody proceedings turns 18 on December 29, 2023 and has filed an affidavit with this Court declaring that he has never asserted any concrete injury against his father that would make him eligible to have his interests judicially litigated.

12. There is NO legitimate government interest being served by Movant's continuing incarceration.

13. Movant has fully complied with all contempt charges for which the state court had him incarcerated. Movant has asked for a release hearing with NO response from the state court.

14. Civil contempt is defined by whether the prisoner has the key to his release. Movant has NO key to his own release here and is unlawfully incarcerated.

15. Movant is unaware of what more he can possibly do to be released.

16. Consequently, Movant is either being held in criminal contempt for which the Court did not establish jurisdiction to order, or Movant is simply a political prisoner of a political actor who has taken political action under color of state law without the possibility of competent judicial review of the political action. This is precisely the type of condition our Founding Fathers foresaw when enshrining the Great Writ in our federal constitution.

17. Entering proceedings predetermined to adjudicate the interests of a nonparty nonlitigant and predetermined to provide relief to that nonlitigant, where that nonlitigant has NOT established standing that would permit his interests to be judicially adjudicated or that would permit him to receive judicial relief in his interests, nor could he do so against his fit father's exercise of fundamental parental right, is a political action NOT a judicial action.

18. Movant seeks an URGENT AND NECESSITOUS injunction from this Court enjoining the state trial court to articulate in writing with narrow specificity the remaining conditions that Movant must meet to gain his release.

19. Movant seeks an URGENT AND NECESSITOUS declaration from this Court that the state trial court may NOT require Movant to waive any constitutional rights or forego any constitutional guarantees as a condition of his release.

20. Movant seeks an URGENT AND NECESSITOUS declaration from this Court determining whether the predetermined adjudication with predetermined outcome in the absence of standing and subject matter jurisdiction by the state trial court is political action or judicial action.

21. This determination is essential to the determination of whether Movant has been legally incarcerated for contempt of court and Movant asserts that where NO court could be legally established to litigate the interests of a nonlitigant and where this state trial court has rejected adjudication of Movant's rights against any party or nonparty, there exists NO judicial authority to issue contempt orders in proceedings that are inherently political in nature and that fail to provide a constitutionally adequate forum for Movant to assert constitutional guarantees as against the state's civil law regulation and as against the state trial court's unlawful exercise of equitable authority.

22. Movant seeks an URGENT AND NECESSITOUS determination of whether the state trial court loses jurisdiction to hold Movant in prison following the child's 18th birthday which is December 29, 2023.

23. Movant seeks an URGENT AND NECESSITOUS determination of whether the child is entitled to refile his civil rights suit against the state and the state trial court on the day after his 18th birthday, as a matter of federal law governing fundamental rights of access to the federal courts for the purpose of vindicating federal rights against state action.

24. Movant seeks an URGENT AND NECESSITOUS temporary and permanent injunction against Movant's continuing unlawful incarceration as being unconstitutional

and serving NO legitimate governmental purpose. Movant has met the *Winter* requirements, see Winter v. Natural Resources Defense Council, Inc, 555 U.S. 7 (2008).

## PRAYER

JUSTIN MCPHAIL PRAYS that this motion in all things be granted in an URGENT AND NECESSITOUS manner.

JUSTIN MCPHAIL PRAYS for any other such further relief as the court deems just and proper.[1]

Respectfully submitted:

By: /s/Justin McPhail

Justin McPhail
Pro Se Litigant
Grenada County Jail
37 Doak Street
Grenada MS 38901

---

[1] NEW YORK STATE RIFLE & PISTOL ASSOCIATION, INC. v. City of New York, _____, (2020), (And while the amended complaint does not expressly seek damages, it is enough that it requests "any other such further relief as the court deems just and proper." ... a party should experience little difficulty in securing a remedy other than that demanded in the pleadings as long as the party shows a right to it...)

# PRIORITY MAIL EXPRESS®

FROM: (PLEASE PRINT)  PHONE ( )

Justin McPhail
Grenada County Jail
37 Dock St, Grenada, MS
38901

TO: (PLEASE PRINT)  PHONE ( )

Chancery Clerk
407 E Jackson Ave East
Oxford, MS 38655

ZIP+4® (U.S. ADDRESSES ONLY)

3 8 6 5 5


